UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10141-GAO

HECTOR MORALES,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

OPINION AND ORDER
June 11, 2009

O'TOOLE, D.J.

The petitioner, Hector Morales, pled guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 846 and money laundering in violation of 18 U.S.C. § 1956(h) and was sentenced to 188 months imprisonment. On his direct appeal, the court of appeals summarily affirmed his sentence, see United States v. Morales, No. 02-1584 (1st Cir. Dec. 6, 2004), but the Supreme Court summarily granted Morales's petition for certiorari, vacated the judgment, and remanded the case for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005), see Morales v. United States, 544 U.S. 971 (2005). On remand, the court of appeals again summarily affirmed the sentence. See United States v. Morales, No. 02-1584 (1st Cir. Feb. 8, 2006). Morales thereafter moved under 28 U.S.C. § 2255 to vacate his sentence. The respondent has moved to dismiss the petition. For the reasons that follow, the petition is dismissed.

## I. Ground I: Failure to Make Findings Underpinning Sentence

In Ground I, Morales alleges that the Court failed to make specific findings as to the amount of marijuana and money attributable to Morales before imposing his sentence.[1] Because Morales failed to raise this claim in his direct appeal, it is procedurally defaulted. See Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002). A procedurally defaulted claim can only be considered in a § 2255 motion if the petitioner demonstrates cause for the default and prejudice flowing from it. See id. Here, neither has been demonstrated.

Morales further alleges in Ground I that it was "clearly erroneous" for the Court to impose a four level upward adjustment for leader/organizer under U.S. Sentencing Guideline § 3B1.1(a). The court of appeals decided, on direct appeal, that the imposition of the four level upward adjustment was not "plain error" and, therefore, did not violate Morales's Sixth Amendment right to a jury trial.[2] Morales, No. 02-1584, at 1 (1st Cir. Dec. 6, 2004), vacated, Morales, 544 U.S. at 971. Because this issue was decided on direct appeal, it cannot be relitigated by means of a § 2255 motion. See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990).

---

[1] In his reply memorandum, Morales requests that this ground be construed as "a claim [t]hat this Court inadvertently believed it was compelled to make the findings it did prior to the Supreme Court's decision in United States v. Booker . . . ." (Pet'r's Pro-Se Traverse/Reply to the Gov't's Mot. to Dismiss Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence 4.) That is not a ground raised in Morales's § 2255 motion and it is not considered.

[2] On direct appeal, the issue presented was whether the petitioner's Sixth Amendment right to a jury trial was violated because a four level upward adjustment for leader/organizer was imposed by the district court based on facts that had not been admitted by the defendant or found by a jury beyond a reasonable doubt. See Morales, No. 02-1584, at 1 (1st Cir. Dec. 6, 2004). It appears that Morales is trying to reargue this point in his § 2255 motion.

## II. Ground II: Ineffective Assistance of Trial Counsel

In Ground II, Morales alleges that his trial counsel had a conflict of interest by reason of her joint representation of Morales and a co-defendant and that this conflict deprived him of his right to the effective assistance of counsel.

The Sixth Amendment guarantees a defendant the right to conflict-free representation, but a defendant may waive this right so long as the waiver is knowing and voluntary. United States v. Fahey, 769 F.2d 829, 835 (1st Cir. 1985). In the underlying criminal case, Morales validly waived this right. (See Tr. of Hr'g Pursuant to Fed. R. Crim. P. 44(c) 13-14, Oct. 3, 2001.) His present attempt to undo the waiver by suggesting that he was "bamboozled" by his lack of understanding of the English language and that he was misled into believing joint representation of co-defendants commonly occurred is belied by the record. The record indicates that Morales had the assistance of an interpreter throughout the Rule 44(c) hearing and that the Court specifically informed him that "the normal course is not to have people represented by the same lawyer" and that "it's a relatively rare exception" for joint representation to occur. (Id. at 2, 10.)

Having validly waived his right to conflict-free representation, Morales may only succeed on an ineffective assistance of counsel claim growing out of a conflict if "'he [can] demonstrate that a conflict of interest actually affected the adequacy of representation.'" See Fahey, 769 F.2d at 835 (quoting Cuyler v. Sullivan, 446 U.S. 335, 353 (1980) (Brennan, J. concurring)). Satisfaction of this standard requires proof that (1) "some plausible alternative defense strategy or tactic might have been pursued;" and (2) "the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." Id. Here, Morales neither makes such a showing nor hints that one could be made. Instead, his petition vaguely alleges that his "counsel sacrificed the

constitutional rights of the petitioner in the plea and sentencing hearings, to attain a low sentence [for] the codefendant [sic]," but not a single example of such sacrifice is offered. (See Pet'r's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 9.) Allegations in Morales's reply memorandum to the effect that trial counsel had "grown accustom to his co-defendant's need" and, therefore, "had more concern for his interests" than the petitioner's interests are insufficient to support this claim. (See Pet'r's Pro-Se Traverse/Reply to the Gov't's Mot. to Dismiss Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence 7.)

## III. Ground III: Ineffective Assistance of Trial and Appellate Counsel

In Ground III, Morales raises a litany of other ineffective assistance of counsel claims against his trial and appellate counsel. As the respondent correctly argues, these claims are subject to summary dismissal because each lacks "specific and detailed supporting facts" or rest on facts which "the record conclusively contradicts." See United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984).

Morales's first claim – that "counsel . . . failed to make an independent examination of the fact and circumstances to demonstrate the minimum role of the defendant" – is contradicted by the transcript of the sentencing hearing. (See Pet'r's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 9.) The transcript demonstrates that trial counsel made a detailed argument regarding the extent to which the guideline offense level should be adjusted to take account of Morales's role in the offense. Except for the ultimate sentencing judgment, this was the only contested issue at the hearing. The record makes clear that the trial counsel carefully examined all facts and characterized them in the light most favorable to her client. (See Sentencing Hr'g Tr. 7-12. Apr. 24, 2002.)

Morales's second claim – that trial counsel failed "to counsel [him] about the wisdom of accepting [a] plea bargain" – is undermined by his own statements made during his change-of-plea hearing held on January 3, 2002. (See Pet'r's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 10.) There, the Court and the petitioner engaged in the following colloquy:

> The Court: Have you also had the opportunity to talk to [trial counsel] about what the letter [i.e., the plea agreement] says and what it means?
>
> The Defendant: Yes, your Honor.
>
> The Court: Are you satisfied that she's answered whatever questions you've had for her, and in this respect, to your satisfaction?
>
> The Defendant (Through Interpreter): Yes, your Honor.

(Change-of-Plea Hr'g Tr. 13, Jan. 3, 2002.) Morales cannot now argue that his counsel failed to explain the plea agreement when he previously conceded that all his questions had been answered.

Morales's third claim is nonsensical. He alleges that he "pled nolo contender [sic] based [on] counsel's erroneous advise [sic] that [a] pretrial ruling on double jeopardy could be appealed after [the] plea." (See Pet'r's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 10.) This Court made no such pre-trial ruling and it is impossible to understand to what he might be referring.

Morales's fourth claim – that "counsel did not present any mitigating evidence because [s]he did not think it would do any good" – also lacks a factual foundation. (See Pet'r's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 10.) Based on Morales's crimes and his criminal history, his trial counsel was left with little room to maneuver at the sentencing hearing. As discussed above, trial counsel offered mitigating evidence in the only area likely to affect Morales's sentence – his role in the offense.

His final claim appears to be that appellate counsel's failure to raise a claim that trial counsel had been ineffective was itself ineffective assistance on direct appeal.[3] (See id.) Because Morales's claims of ineffective assistance of trial counsel are without merit, appellate counsel's failure to raise them on direct appeal did not violate Morales's Sixth Amendment rights.

## IV. Conclusion

For the foregoing reasons, the respondent's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (dkt. no. 3) is GRANTED and the petitioner's Motion to Vacate, Set Aside, or Correct Sentence (dkt. no. 1) is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

[3] Again, Morales's reply memorandum attempts to change the ineffective assistance of counsel claim asserted with respect to his appellate counsel. In his memorandum, he suggests that the claim is "based on the failure to present to the Circuit Court the possibility that the District Court more than likely would have chosen a different sentence . . . ." (Pet'r's Pro-Se Traverse/Reply to the Gov't's Mot. to Dismiss Def.'s Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence 9.) His § 2255 motion, however, asserts only that he challenges appellate counsel's failure to raise a claim of ineffective assistance of trial counsel. As noted above, the Court cannot consider claims not presented in the original motion.